UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 16-80-HRW

CHRIS SEVIER
and ELIZABETH ORDING, PLAINTIFFS,

v.  MEMORANDUM OPINION AND ORDER

MATT BEVIN, *in his Official Capacity as*
*Governor of Kentucky,*
KIM DAVIS, *in her Official Capacity as*
*Clerk of Rowan County, and*
ANDY BESHEAR, *in his Official Capacity as*
*Attorney General of Kentucky,* DEFENDANTS.

This matter is before the Court upon Defendants' Matt Bevin and Kim Davis' Motion to Dismiss [Docket No. 16], Defendant Andy Beshear's Motion to Dismiss [Docket No. 17], Defendants Matt Bevin and Kim Davis' Motion to Dismiss Amended Complaint [Docket No. 26], Defendants Matt Bevin and Kim Davis' Motion for Summary Judgment [Docket No. 30], Defendant Any Beshear's Motion for Summary Judgment [Docket No. 32] and Plaintiffs Chris Sevier and Elizabeth Ording's Motion for Summary Judgment [Docket No. 23]. The motions have been fully and extensively briefed by the parties. For the reasons set forth herein, the Court finds that the Complaint and Amended Complaint fail to state any claim upon which relief can be granted and, as such, this case must be dismissed.

I.

Plaintiff Chris Sevier filed this civil action seeking Declaratory and Injunctive Relief, alleging that he has a constitutional right to marry his laptop computer [Docket No. 1]. Plaintiff

Elizabeth Ording is named in the Amended Complaint; she claims she has a constitutional right to marry an animal [Docket No. 18]. They identify themselves as "machinist" and "zoophile", respectively, and, together, allege the Commonwealth violated the following constitutional rights by denying Sevier's request for a marriage license permitting him marry his laptop and Ording's request for a marriage license permitting her to marry an animal: (1) the right to due process; (2) the right to equal protection; (3) the right to freedom of association; and (4) the right to travel. They also claim that the denial of their request for a marriage license is a violation of the Supremacy and Establishment Clauses of the United States Constitution, and also amounts to discrimination on the basis of race.

Defendants seek dismissal of the case pursuant to pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that this matter does not present a real case or controversy and the allegations in the Complaint and Amended Complaint do not establish a plausible entitlement to relief.

## II.

The purpose of a motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See, Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). For purposes of dismissal pursuant to Fed. R. Civ. P 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The Sixth Circuit Court of Appeals explained the standard in *Estate of Ezra G. Smith v. United States,* 509 Fed.Appx. 436 (6th Cir. 2012) that:

> [t]he Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) that to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain (1) enough facts to state a claim to relief that is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. (internal citation omitted)...A claim has facial

> plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (internal citation omitted).

*Estate of Ezra G. Smith,* 509 Fed.Appx. at 439.

"Conclusory assertions, *e.g.*, that...[the] defendants engaged in 'outrageous' and 'unlawful' behavior...are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC,* 513 Fed.Appx. 520, 522-523 (6th Cir. 2013). The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.,* 520 F.3d 516, 519 (6th Cir. 2008) (internal citation omitted). Consequently, a complaint will not be dismissed unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III.

Plaintiffs are asking this Court to recognize their constitutional rights to marry an inanimate object and an animal. No such constitutional rights exist, nor are any known constitutional rights violated by the denial of a marriage license under these circumstances. In short, the Plaintiffs have failed to identify a single constitutional injury. Nor can Plaintiffs establish a constitutionally protected property or liberty interest, which would support a claim for the deprivation of Due Process. There is no constitutionally protected property or liberty interest in marrying one's laptop, nor is there a constitutionally protected property or liberty interest in marrying an animal. There is simply no law which supports their claims. As such, they fail to state a claim upon which relief can be granted and, therefore, cannot clear the Rule 12(b)(6)

hurdle.

Plaintiffs have filed similar lawsuits in Texas, Tennessee, Utah and South Carolina. *See Sevier v. Haley,*; *Sevier v. Haslam, et al.*, Case No. 3:16-cv-00134 (M.D. Tenn.); *Sevier v. Abbott, et al.*, Civil Action No. 4:16-cv-00347 (S.D. Tex.); *Sevier v. Herbert, et al.*, Case No. 2:16-cv-00124-JNP-DBP (D. Utah). They have yet to prevail. Magistrate Judge Shiva Hodges recommended to the South Carolina District Court that the case be dismiss *sua sponte* because the claims alleged "are implausible, fanciful and frivolous." *Sevier v. Haley et al.*, Civil Action No. 3:16-665-TLW-SVH (D.S.C.). This Court agrees.

## IV.

The Plaintiffs' Complaint or Amended Complaint fail to establish any plausible entitlement to relief. There are simply no constitutional rights violated, alleged or implicated by the Commonwealth's refusal to grant the Plaintiffs marriage licenses to marry a laptop computer or an animal.

Accordingly, **IT IS HEREBY ORDERED**:

(1) Defendants' Matt Bevin and Kim Davis' Motion to Dismiss [Docket No. 16] be **SUSTAINED**;

(2) Defendant Andy Beshear's Motion to Dismiss [Docket No. 17] be **SUSTAINED**;

(3) Defendants Matt Bevin and Kim Davis' Motion to Dismiss Amended Complaint [Docket No. 26] be **SUSTAINED**;

(4) Defendants Matt Bevin and Kim Davis' Motion for Summary Judgment [Docket No. 30] be **SUSTAINED**;

(5) Defendant Any Beshear's Motion for Summary Judgment [Docket No. 32] be **SUSTAINED**; and

(6) Plaintiffs Chris Sevier and Elizabeth Ording's Motion for Summary Judgment [Docket No. 23] be **OVERRULED**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

This 31st day of March, 2017.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge